Caruthers, J.,
delivered the opinion of the Court.
In this action of ejectment the defendant in error recovered below the land claimed in his declaration.
The only question made by the plaintiff in error that we consider material to notice arises upon the charge.
*369 The defence mainly relied npon below was the statute of limitations operating upon a possession of the land in dispute for more than seven years, under William Glenn, who claimed it by entry. The proof was directed to that point, and the-case made out by several witnesses that this possession was actual, adverse, and continuous for the term required. Bub it was by several — some four or more successive tenants — all-claiming under the title of Glenn, which was, as before stated, only by entry. Whether this proof preponderated over that-of the other side, on this question, we need not say, as it would, in any event, raise the question for the jury, under a correct charge of the Court.
The charge would seem to be contradictory, as it is copied into the record, but the proposition complained of is distinctly-enough announced ; and it is, that the possessions of successive tenants under a landlord claiming title by entry only,, cannot be connected so as to create a bar to the better title. The Court correctly states that possession under an entry foi-seven years will not confer a fee simple title under the first section of the act of 1819. But as a consequence of this, he-proceeds to state, that if Glenn and his heirs placed one person in possession, who held for part of the seven years, and-then put in another, &c., so as to make out the term, this would not create the bar, because they would all be trespassers, and, therefore, their possessions could not be united’.. This would be true, if they were wrong-doers. But they were-not, if they held under one having a title either equitable or legal, and whether it were the best title or not. He was asked to charge, that in such a case as- that assumed to be made out. by the proof, and to which it certainly tended, that the-plaintiff would be barred by the second section of the act off 1819. But he refused, and thereby clearly showed to the jury that he held the law to be as indicated in the charge already given; that is, that no bar could be formed under either section of the act of limitations, by successive tenancies, under an equitable title. The idea of his Honor seems to have been that it was necessary to sustain this defence, that *370 the claimant, or a single tenant, should have held possession for the whole term required by the statute. This was entirely erroneous. It can make no difference how many tenants there may have been, if they succeeded each other so as to leave no hiatus, and all entered and occupied under the same title.
The entry of Glenn was a special one, and would extend the title by possession, under the second section, to the extent of its calls and boundaries. Ramsey v. Monroe, 3 Sneed, 329.
For this palpable and material error in the charge, the judgment must be reversed, and a new trial granted.